IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENSON MILTON, (SPN #1059322) § § § Plaintiff, § § vs. § PEGGY PETTY, § § Defendant. § § § | CIVIL ACTION H-07-1711 |

## MEMORANDUM AND OPINION

Benson Milton, an inmate of the Walker County Jail, sued in May 2007, alleging a denial of due process. Milton, proceeding without counsel and without prepayment of fees, sues Peggy Petty, a detective in the Walker County Sheriff's Department. The threshold issue is whether Milton's claims can be considered at this time. Based on the pleadings, the record, and the law, this court stays and administratively closes this civil action pending completion of the state criminal proceedings. The reasons for this ruling are set forth below.

**I.    The Allegations in the Complaint**

Milton alleges that on May 26 and 27, 2006, he was interviewed in the Walker County Jail, where he was detained on unspecified charges.[1] Detective Petty conducted the interview. Milton alleges that Detective Petty did not disclose that she would tape record the

---

[1] The court has learned that Milton was indicted on three counts of burglary of a habitation. These charges are pending in the 12th Judicial District Court of Walker County, Texas. (Cause Number 23,562).

interview. Milton alleges that he did not give Detective Petty permission to do so. Detective Petty later told Milton that she had the right to record the interview. Milton complains that Detective Petty abused her authority.

Milton submits a grievance he filed with the Walker County Jail on the recording of the interview. (Docket Entry No. 1, Complaint, p. 4). Jail officials found that the grievance lacked merit because Detective Petty was a detective, not an employee of the Walker County Jail, and because recording the conversation was legal. Milton asks this court to remove the tape recording of the interview from the evidence in his criminal case. Milton also seeks compensation for pain, suffering, and stress.

On March 13, 2007, Milton filed another civil rights complaint in federal court. In Civil Action Number 4:07-0903, Milton sued David P. Weeks, the Walker County District Attorney, alleging a denial of due process. Milton complained that he was confined in the Walker County Jail because Weeks had charged him with three drug offenses. In an order entered on April 3, 2007, this court abstained from adjudicating Milton's claims because they implicated pending state criminal proceedings. Additionally, this court dismissed Milton's claims against the prosecutor as frivolous. Finally, this court denied Milton's request for habeas relief because he had failed to exhaust state court remedies.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding without prepaying the fees, even before service, if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous if

it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Milton seeks damages for the allegedly improper tape recording of an interview made by a police detective during a criminal investigation and asks this court to stop the recording from being used as evidence in his state court criminal case. Milton's pleadings in Civil Action Number 4:07-0903 indicate that he has been charged in state court with three drug offenses. The court has learned through telephone inquiry that Milton has been charged with three counts of burglary of a habitation in the 12th Judicial District Court of Walker County, Texas. These charges are still pending.

Milton's claims are premature. In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id. Heck* also bars "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 898 n.8 (7th Cir. 2001); *Smith v. Holtz,* 87 F.3d 108, 110 (3rd Cir. 1996) (holding that a claim challenging the validity of a future conviction raises

the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.").[2]

Milton argues that the statements he made during the taped interview were self-incriminating. The record does not clearly reflect whether a successful attack on the tape recording as evidence in the state court will result in an acquittal or whether Milton will be tried or convicted. If Milton is tried and convicted but the tape recording is not presented as evidence, this case would be moot. On the other hand, if he is convicted and this evidence is presented at his criminal trial, his section 1983 damage claims challenging the validity of the evidence would appear to undermine the validity of his conviction and hence be barred by *Heck*. Any equitable relief in the nature of release from confinement would also be barred. At this point, it is premature to determine whether Milton's claims are barred under *Heck*. The court stays the proceedings in this case until the pending criminal case is concluded. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *see also Brown v. Taylor*, 139 Fed. Appx. 613 (5th Cir. 2005); *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). *Busick v. City of Madison Mississippi*, 90 Fed. Appx. 713 (5th Cir. 2004).

This case is stayed and administratively closed. Milton may seek reinstatement by filing a motion no later than 30 days after the state court criminal cases are concluded.

---

[2] Other circuit courts have extended *Heck* to preconviction criminal charges. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. City of New York*, 171 F.3d 117, 124 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997).

## III.  Conclusion

The action filed by Benson Milton (SPN #1059322) is premature.  It is stayed and administratively closed.  Milton must file a "Motion to Reinstate" this case, if appropriate, within thirty days from the date that the state court criminal cases for drug or burglary offenses are concluded.

Milton's motion for leave to proceed *in forma pauperis,* (Docket Entry No. 3), is granted.  Any remaining pending motions are denied as moot.

SIGNED on May 29, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge